[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12491

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20025-CV-CMA

EMILIO AMAYA, JR., as Personal
Representative of the Estate
of Emilio Amaya, Sr.,

                                                        Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY FLORIDA, a
Political Subdivision of the
State of Florida,
PUBLIC HEALTH TRUST OF DADE COUNTY,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 25, 2006)**

Before TJOFLAT, CARNES and HILL, Circuit Judges.

PER CURIAM:

In this case, plaintiff, the personal representative of the Estate of Emilio Amaya, Sr., claims that the medical staff assigned to Turner Guilford Knight ("TGK"), a Miami-Dade County correctional facility, were deliberately indifferent to his decedent's serious medical needs while his decedent was an inmate at TGK, in violation of the Eighth and Fourteenth Amendments of the United States Constitution, and that such deliberate indifference caused his decedent's death. He seeks damages against the County and its Public Health Trust (which was responsible for providing medical care for TGK inmates) under 42 U.S.C. § 1983 on the ground that the medical staff, in failing to attend to the decedent's serious medical needs, were acting pursuant to the defendants' customs and practices.

The defendants denied plaintiff's allegations, and the case came on for trial before a jury. At the close of the evidence, the district court granted the defendants judgment as a matter of law, concluding that there was no evidentiary basis for a reasonable jury to find that the defendants maintained the custom and practice alleged. Plaintiff appealed the judgment, and we heard oral argument. Having heard argument of counsel and considered the record before the jury, we agree with the district court that the evidence failed to establish that the medical staff acted pursuant to a custom and practice of the County and its Public Health Trust.

AFFIRMED.

2